Jackson, J.
It is not doubted that an infant be a mort gagee at common law ; and there is nothing in our statutes *or usages to make it otherwise here. Whether he is the [*18] original grantee, or takes the estate by descent, he is bound by the conditions contained in the conveyance. The mortgage deed must be good in the whole, or void in the whole.
If Trott, the minor, had not had a guardian, he might have been made the sole defendant in this bill, and the Court would appoint him a guardian for this cause. It is still necessary to appoint such a guardian, notwithstanding Lincoln, his legal guardian, is made a defendant. For the latter is not, strictly speaking, sued as guardian , and, if he had had no personal concern in the transactions in question, *24 he need not, and perhaps ought not, to have been included as a defendant in this bill.(1)
But here, Lincoln, the .guardian, is, or at least may be, personally concerned in the event of this suit. One object of the bill is, to ascertain whether he has received any thing, and how much, on account of the debt due to the minor, either from the original debtor, or from the rents and profits of the mortgaged premises. If he had not been made a party, the Court must still have determined what sums he had so received ; and the amount thus ascertained would have been deducted from the sum now due to Trott on the bond. But Lincoln, not being a party, would not be concluded by that decree ; and, in an after settlement between him and his ward, he might undertake to show that he had not réceived so much. This would expose the minor to an inconvenience and hazard, to which he ought not to be subjected.
It is one of the peculiar advantages of chancery jurisdiction, that the Court can bring before them.at once all persons having any interest or concern in the subject in controversy ; .and it is always a valid objection to a bill, if it does not make every such person a party in the suit. It was, therefore, proper, to make Lincoln a defendant in this case. There is nothing against it in the statutes on which this process is founded ; nor can it produce any injury or inconvenience to him. He is called on to state his account of what he has received ; and, if any thing more is charged, he has [* 19] * opportunity to disprove it. By the statute, as well as by the general rules in chancery proceedings, the Court have power to award costs to either party, as equity may require ; and they would probably be always awarded to a defendant in the situation of this guardian, if he should do nothing that should unreasonably delay the plaintiff, and should make a prompt and full disclosure of .the facts within his knowledge.†
The tender was rightly made to Lincoln. He, as legal guardian, was the only person authorized to receive the money ; and he, alone, could execute a release of the bond, upon receiving payment. It may be added, also, that he is the only person who is presumed to know what is due on the bond.
It is unnecessary to consider the effect of the statute of 7 Jinn, c. 19, or whether it has been adopted here ; as our statute before mentioned authorizes the Court to award an habere facias seizinam for the plaintiff, if the mortgage be not duly released.
*25 The demurrer of the defendant, Lincoln, is overruled; and he must make answer to the bill.
As to the defendant, Trott, his non-appearance or default cannot prejudice him. The course in chancery, when an infant defendant does not appear voluntarily, is, to send an officer to bring him into court; and then a guardian is appointed to defend his interests in the suit. If he has no friend who will undertake the trust, the Court appoints a suitable person for that purpose.(2) We see no objection to proceeding in this course on the present occasion.
As the decree in this case may, in effect, settle a question in which the defendant, Lincoln, is interested, it seems proper that some other person should be appointed guardian for this suit. From what has appeared in the case, there is no reason to apprehend that any dispute will ever arise between the two defendants, or that any particular inconvenience would result from the appointment of Mr. Lincoln. But it is a general rule, that a guardian appointed by the Court should have no interest in the subject in controversy.

 Wyat's Prac. Reg., Title, Infant, 223, 224.

 Brown on Costs, 89. — 1 Equ. As. Ab. 125 in note.— Executors, guardians, and trustees are, in Equity, usually exempt from costs or awarded costs out of the estate in their hands, unless they have greatly misbehaved themselves.

 Wyat's Prac. Reg.s ubi supra.