## FREDERICK W. BOTHAM *versus* JOEL M'INTIER.

If a mortgagee enters for condition broken, and is subsequently put under guardian-
ship as a spendthrift, his guardian is authorized to restore the possession of the
land to the mortgagor, and thereby to prevent a foreclosure.

*Oct. 9th.*  SHAW C. J. delivered the opinion of the Court.  The
plaintiff claims title to the premises, on the ground that the es-
tate was mortgaged by the tenant to Elijah M'Intier, that the
mortgagee, having obtained a general judgment upon his seisin,
but not as mortgagee, entered under that judgment, and imme-
diately gave notice to the mortgagor, that he would hold for
condition broken, that three years elapsed from that time, by
which the mortgage was foreclosed, and the estate became ab-
solute in the mortgagee, and that the demandant levied his exe-
cution on the premises, as the property of Elijah M'Intier, the
mortgagee.  This claim would constitute a good title, if the
facts supported it.  But it appears that after the entry and
notice to hold for condition broken, and before foreclosure, the
mortgagee was put under guardianship as a spendthrift, and the
guardian, by an agreement with the mortgagor, the tenant, put
him into possession, to hold as he had held the same before the
entry of the mortgagee, and for the purpose of having him per-
form the condition, which was a continuing one, that of sup-
porting the mortgagee and his wife.  If this restoration of the
possession, by the guardian of the mortgagee to the mortgagor,
for the purpose of defeating the operation of the mortgagee's
entry and notice, and of preventing the foreclosure of the mort-
gage by lapse of time, were legally sufficient for that purpose,
then it is very clear, that the mortgagee did not acquire an
absolute estate, and the levy of the demandant was inoperative
and void.

This presents two questions ; first, whether the like acts, if done by the mortgagee himself, would have done away the effect of the entry and notice, and prevented the foreclosure ; and if so, secondly, whether this could be done, to the same effect, by a guardian.

The estates of a mortgagee, before and after entry for condition broken, are not materially different ; in both cases they are redeemable on payment of the debt or performance of the condition.    Entry and notice are acts *in pais*, the effect of which is to give operation to the statute ; but it is the force and effect of the statute that works a foreclosure.    It has long been held, that where a mortgagee is already in possession, and so cannot make an entry on himself, notice that he will hold for condition broken is sufficient and equivalent to an entry for condition broken, to give effect to the statute.    *Scott* v. *M'Farland*, 13 Mass. R. 313 ; *Newall* v. *Wright*, 3 Mass. R. 138.   So, by parity of reason, when by law he has a right to hold under his general seisin, but does not mean to hold for condition broken, notice to that effect would be effectual.    But the case does not rest here.    It appears, that the possession was actually delivered to the mortgagor, to hold of his former estate.    It is perfectly clear, therefore, if this was well done, that the possession was not continued three years, and therefore the statute did not take effect to foreclose the mortgage.    No release was necessary ; the relinquishment of the possession to the mortgagor prevented the three years' continued possession, which alone could foreclose the mortgage.

The only serious question is, whether this could be lawfully done by the guardian ; and the Court are of opinion that it could.    The guardian is appointed for the express purpose of taking care of the property of the ward.    Had the mortgage been redeemed, the guardian would have been the party to receive the money and give a discharge.    *Parker* v. *Lincoln*, 12 Mass. R. 16.   It would then have been his duty to reinvest the money, which he could do by lending it to the same mortgagor, upon the same security.    Might he not accomplish the same object by the simpler process of receiving the arrearages, countermanding the notice to hold for condition broken, and restoring the possession of the estate to the mortgagor, to hold

upon the same condition as before a breach ?  It was argued,
that this was not within the power of the guardian, because by so
doing he prevented his ward from foreclosing the mortgage and
thus acquirng a more valuable estate and interest in the premi-
ses.  The first obvious remark is, that for any abuse of author-
ity, any mismanagement of the property of the ward, the
guardian is responsible, and has given bond to secure that
responsibility.  But the more decisive answer is, that no such
sacrifice of the interest of the ward is shown.  The case sup-
poses, that the estate is worth more than it was mortgaged for ;
but the mortgagor had still ample time to redeem, and in the
case supposed, no doubt would have redeemed, had no ar-
rangement been made to prevent a foreclosure.

On the whole, the Court are of opinion, that the mortgage
was not foreclosed, and that the demandant's levy was void.

*Judgment on the verdict for the tenant.*

*Newton*, for the demandant, cited *Blanchard* v. *Colburn*,
16 Mass. R. 345.

*Child*, for the tenant, cited Stearns on Real Actions, 35 ;
*Thayer* v. *Smith*, 17 Mass. R. 429 ; *Ellis* v. *Essex Merri-
mack Bridge*, 2 Pick. 243.