### Alvah Mansur & others *vs.* Samuel C. Pratt.

No guardian *ad litem* need be appointed for an infant defendant in equity, if the infant has a probate guardian, unless the interests of the infant and the probate guardian are conflicting.

On a decree in a suit by a stockholder who has had to pay debts of a corporation, brought, under the Rev. Sts. *c.* 38, § 34, for contribution, against one who holds stock as guardian, the real estate of such of the wards as are minors at the time of the levy can be taken on execution, but not the real estate of such as have come of age before the decree.

Writ of entry by Alvah Mansur, Joseph Mansur, Ellen E. Tebbetts and Lewis B. Tebbetts, her husband, to recover land devised to the three first named demandants as tenants in common by their father. The tenant claimed under an execution levied on the demanded premises on May 23, 1857. The case was heard on agreed facts which are stated in the opinion.

*T. Wentworth & G. Stevens,* for the demandants.

*J. G. Abbott,* (*T. H. Sweetser* with him,) for the tenant.

Hoar, J. The decision of this case depends upon the construction to be given to § 34 of the Rev. Sts. *c.* 38, which is as follows:

" No persons holding stock in any manufacturing company, as executors, administrators, guardians or trustees, and no persons holding such stock as collateral security, shall be personally subject to any liabilities as stockholders of such company; but the person pledging such stock shall be considered as holding the same, and shall be liable as a stockholder accordingly, and the estates and funds in the hands of such executors, administrators, guardians and trustees, shall be liable in their hands in like manner and to the same extent as the deceased testator or intestate, or the ward, or person interested in such trust fund, would have been, if they had respectively been living and competent to act, and had held the same stock in their own names."

The guardian of the demandants, Stephen Mansur, held in that capacity some shares of the stock of a manufacturing company. A judgment which had been recovered against the company was paid by certain of the stockholders, who afterwards

brought a suit in equity for contribution against the other stockholders, including the demandants and their guardian. A decree in that suit was made, that, among other things, the plaintiffs therein should recover judgment against Stephen Mansur, guardian, for $4871.88 and costs; and in pursuance of that decree an execution issued for the satisfaction of said judgment "of the goods, chattels or lands of the said wards in the hands of said Stephen Mansur." Two of the wards had become of age when the decree was rendered. The execution was levied upon the land of the wards, owned by them as tenants in common. The guardian appointed an appraiser on behalf of his wards, in setting off the land on execution, and the wards were not notified to do so.

There appears to be no validity in the objection that no guardian *ad litem* was appointed to appear for the infant defendants in the suit in equity. An infant defendant must have a guardian *ad litem* when he has no probate guardian or other authorized guardian. *Swan* v. *Horton*, 14 Gray, 179. If he have a probate guardian, a guardian *ad litem* need be appointed only when the interests of the guardian and ward in the suit are conflicting. *Parker* v. *Lincoln*, 12 Mass. 16, 19. *Talbot* v. *Curtis*, (Norfolk, 1851); 1 Mass. Dig. 755.

But the important question which arises in this case is, whether the real estate of the ward is estate in the hands of the guardian liable to be taken to satisfy the liability of the ward's property for the debts of a corporation in which the guardian, as such, is a stockholder?

In the case of a trustee, it is only the property held by the same trustee in the same trust that is liable. *Stedman* v. *Eveleth*, 6 Met. 114. The other property of the *cestui que trust* is not under any liability whatever. The real estate of a deceased person does not pass to the personal representative, although by a special statute in this Commonwealth it may be levied on under a judgment against an executor or administrator. The analogy of a guardian is not perfect with either. If it were only property which was in his hands for the purpose of disposal, and of which the legal title stood in him, which the stat-

ute contemplated, then the land of the ward would not be embraced within it, because the guardian has no title in the lands of the ward.

But a guardian, while the guardianship continues, has such a peculiar relation to the ward's estate, that we are of opinion that the ward's lands may be said to be "in his hands" within the meaning of the statute under consideration. A guardian may make a promise which will take his ward's debt out of the statute of limitations. *Manson* v. *Felton*, 13 Pick. 206. He may lease his ward's real estate in his own name, so as to bind the lessee to himself personally, and himself personally to the lessee. *Hicks* v. *Chapman*, 10 Allen, 463. He may appoint an appraiser when his ward's land is taken on execution. We are therefore of opinion that the levy upon the land of Joseph Mansur, who was a minor at the time the levy was made, was valid, and that the title of the tenant is good against him.

But, on the contrary, the land of the other demandants, who were of full age and competent to act for themselves at the time of the levy, was no longer "in the hands of their guardian" in any sense. If it was to be taken to satisfy any debt or liability, they were entitled to notice, and to choose an appraiser. On their becoming of age, the guardian's whole interest in and control over their lands terminated by operation of law; and the levy upon it, under an execution which only ran against their "goods, chattels or lands in the hands of said Stephen Mansur," was ineffectual and void. Upon the agreed facts, therefore, the demandants Alvah Mansur and Mrs. Tebbetts are entitled to judgment for two undivided third parts of the demanded premises; and an assessor is to be appointed, by agreement of the parties, to state the account of rents, profits and improvements; and judgment will be rendered in favor of the tenant against Joseph Mansur.