GEORGE A. INGALLS & another *vs.* EFFIE OLIVER.
SAME *vs.* JOSEPH H. INGALLS & others.

Suffolk.     March 26, 1908. — April 3, 1908.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Superior Court. Practice, Civil,* New trial. *Jurisdiction.*

A judge of the Superior Court may set aside a verdict of a jury rendered upon issues, which were framed by this court upon an appeal from a decree of the Probate Court admitting a will to probate and were sent to the Superior Court for trial under R. L. c. 162, § 25, and may order a new trial of the issues in that court.

TWO APPEALS from a decree of the Probate Court for the county of Suffolk allowing the will of George H. Ingalls. The cases were consolidated in this court, issues for a jury were framed and, by agreement of parties, the cases were sent to the Superior Court for trial.

There was a trial before *White,* J., and, the jury having answered the questions stated in the issues framed, he set aside the verdict and ordered a new trial on motions by the appellees; and the appellants appealed therefrom.

*J. A. McGeough,* (*E. W. Mitchell* with him,) for the appellants.
*A. J. Bailey & R. Dow,* for the appellees, were not called upon.

MORTON, J. The only question in these cases is whether the judge of the Superior Court had the right to set aside the verdict and order a new trial in regard to issues framed in this court by a justice thereof and sent to the Superior Court for

trial in accordance with R. L. c. 162, § 25. It is plain, we think, that he had such right. The right of the presiding judge to set aside a verdict for good cause is as much an incident of the trial as the admission and exclusion of evidence, the ruling upon questions of law, or the settling and allowing of exceptions. No provision is made for a report of the evidence to this court with a view to the exercise by it of the power to set aside the verdict in such a case as this, and, unless the judge who presides at the trial has the right, aggrieved parties would be without a remedy. In *Crocker* v. *Crocker*, 188 Mass. 16, 21, it was assumed that the judge of the Superior Court had the right to set aside the verdict if there was ground for it, and we see no reason to doubt the correctness of the assumption.

*Exceptions overruled.*