JAMES VOGEL *vs.* EDWARD BROWN.

Suffolk. January 5, 1909. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Extortion of Illegal Fees. Public Officer. Marriage and Divorce. Justice of the Peace. Evidence,* Presumptions and burden of proof.

Under R. L. c. 210, § 39, imposing a penalty upon any person who wilfully and corruptly demands and receives for the performance of an official duty or service, for which a fee or compensation is allowed and provided by law, a greater fee or compensation than is so allowed and provided, a justice of the peace, who has demanded and received for solemnizing and certifying a marriage a greater sum of money than the fee of $1.25 prescribed by R. L. c. 204, § 26, is not subject to the penalty for doing this with a wilfully corrupt purpose unless he knew of the statutory provision for compensation.

There is no conclusive presumption that a justice of the peace knows the provision of R. L. c. 204, § 26, prescribing $1.25 as the legal fee for solemnizing and certifying a marriage, and, although a trial judge, in deciding a case on an agreed statement of facts, might be justified in inferring such knowledge from the fact of the holding of the office, such an inference would be one of fact which he is at liberty not to draw.

A justice of the peace, who upon request goes from his office to a private house to perform a marriage and also upon request makes and delivers a marriage certificate different from and in addition to the return that he is required to make to the city or town clerk, lawfully can demand and receive compensation for these services in addition to the statutory fee of $1.25 prescribed by R. L. c. 204, § 26.

KNOWLTON, C. J. The R. L. c. 210, § 39, contains the following provision: "And any other person who wilfully and corruptly demands and receives for the performance of an official duty or service, for which a fee or compensation is allowed and provided by law, a greater fee or compensation than is so allowed and provided shall forfeit thirty dollars for each offence." Section 26 of the R. L. c. 204, is as follows: "The fee for lawfully solemnizing and certifying a marriage shall be one dollar and twenty-five cents." The defendant is a justice of the peace and

he demanded and received from the plaintiff $5 for solemnizing and certifying a marriage and rendering other services in connection therewith. This action is brought to recover a forfeiture of $30.*

The case was submitted upon an agreed statement of facts, giving to the court authority to draw inferences of fact from the statements made. The judge of the Superior Court † found for the defendant on the ground that he was not satisfied from the agreed statement that the defendant wilfully and corruptly demanded and received a greater fee or compensation than is allowed by law. It was agreed in the written statement "that the plaintiff desired to have the marriage solemnized at his residence instead of the office of the defendant, and asked the defendant what he would charge for doing it, meaning for solemnizing the marriage out of his office, and the defendant said, 'Five dollars.' The plaintiff said, 'All right,' and they went to the plaintiff's residence, a short distance from the defendant's evening office, solemnized and certified to the marriage, and received five dollars from the plaintiff as agreed upon." It also was agreed that, in addition to certifying the marriage as required by the R. L. c. 151, § 32, the defendant gave the plaintiff a marriage certificate, which was a separate instrument, not required by law to be furnished by a person performing a marriage ceremony.

The presiding judge had before him for determination the question of fact whether the defendant wilfully and corruptly demanded and received an excessive fee. A finding for the plaintiff would have involved a finding that the defendant had a wilfully corrupt purpose in demanding and receiving his compensation. He could not have had such a purpose unless he knew that there was a prescribed fee for solemnizing a marriage, and knew what it was. It is at least conceivable that there are many ministers and justices of the peace in the Commonwealth who are ignorant on this subject. There was no evidence of the defend-

---

* R. L. c. 210, § 39, contains the following provision immediately after the provision quoted above: " Such penalties may be recovered by complaint or indictment to the use of the county, or by action of tort to the use of any person who sues therefor."

† *Lawton*, J.

ant's knowledge of the statutory provision for compensation and, upon the question whether one acts corruptly, there is not a conclusive presumption that one knows the law. Perhaps his knowledge might be inferred from his official position, but such an inference would be one of fact, which might or might not be drawn by the trial judge.

If the defendant was requested to go to the plaintiff's house to perform the ceremony, or was asked to make a marriage certificate different from the return that he is required to make to the city or town clerk, he lawfully could demand and receive compensation for these services in addition to the statutory fee for solemnizing the marriage.

Whether the defendant was acting wilfully and corruptly, or innocently and fairly, under the circumstances disclosed by the agreed statement, was a question of fact for the judge who tried the case without a jury. The burden of proof was on the plaintiff, and the decision was not erroneous in law.

*Exceptions overruled.*

The case was submitted on briefs.

*C. F. Hilly,* for the plaintiff.

*N. Barnett,* for the defendant.