HENRY DUNSTER & another *vs.* MARIA H. GOWARD.

Plymouth.   March 15, 16, 1915. — May 24, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Probate Court,* Appeal. *Practice, Civil,* Exceptions. *Evidence,* Relevancy and materiality.

If, at the trial by a jury in the Superior Court of issues framed upon an appeal from a decree of the Probate Court allowing a will, there is evidence warranting findings in favor of the proponent of the will and the jury so find, the appellant cannot bring to this court the question whether such findings were against the weight of the evidence by an exception to a refusal of the presiding judge to order answers for him upon the issues.

Where, at the trial of issues, framed on an appeal from a decree of the Probate Court allowing a will and relating to the testator's mental capacity and as to whether undue influence was exerted upon him, it appears that the testator stated in the will that his reason for leaving nothing to the appellant, who was his sister and his sole heir at law, was that she had abundant property for her needs, the appellant may be asked in her cross-examination as a witness to state the amount, kind and location of her property.

APPEAL by Maria H. Goward, a sister and sole heir at law of Horace W. Howard, late of West Bridgewater, from a decree of the Probate Court for the county of Plymouth allowing the will of said Howard.

In the Supreme Judicial Court the following issues were framed and were sent to the Superior Court to be tried by a jury:

"1. Whether said Howard was of sound, disposing mind at the time of the making and executing of the will.

"2. Whether he had been unduly influenced to make said will by one Sarah J. Burns and one Henry Dunster, or either of them."

The issues were tried in the Superior Court before *Raymond*, J. The jury answered the first issue in the affirmative and the second in the negative; and the appellant alleged exceptions to the refusal of the presiding judge to order answers for her upon the issues, to make certain rulings asked for by her and to certain instructions which were given.

The material facts are stated in the opinion.

*R. O. Harris,* for the appellant.

*A. F. Barker,* (*J. E. Collins & R. H. Gladding* with him,) for the appellee.

PIERCE, J. The evidence in favor of the validity of the will and against the assertion of fraud and undue influence was substantial and required the submission of the issues to the jury. The contestant has not argued otherwise, but asserts her right, under a request for a directed verdict, to bring all the evidence before the Superior Court to this court for review of facts as well as law.

There is no authority in this Commonwealth for such procedure. *Crocker* v. *Crocker,* 188 Mass. 16. A submission of issues of fact to be tried by a jury is expressly authorized. R. L. c. 159, §§ 36, 38; c. 162, § 25. In the case at bar the jury found, upon consideration of the submitted issues of fact, that the testator at the time of the execution of the will was of sound, disposing mind and memory, and also that the will was not procured by the undue influence or fraud of Sarah J. Burns and Henry Dunster, or either of them.

These findings are conclusive upon the parties and upon this court until set aside, for good cause shown, by the trial judge in the

exercise of his discretion, or by this court because of error of law. *Franklin* v. *Greene,* 2 Allen, 519, 522. *Perry* v. *Shedd,* 159 Mass. 200. *Crocker* v. *Crocker,* 188 Mass. 16. In view of the undisputed record facts the judge well might have granted a new trial; but it also was given to him to see the witnesses and to hear their testimony, and we have no power to revise his judgment. *Capper* v. *Capper,* 172 Mass. 262. *Ingalls* v. *Oliver,* 198 Mass. 345.

The contestant has not specifically argued upon her brief any exception taken to the charge, to the refusal to charge, or to the allowance of the cross-examination of the contestant as to the amount, kind and location of her property; therefore these exceptions might be treated as waived; *Bacon* v. *Bacon,* 181 Mass. 18; but we prefer to pass judgment upon them.

The testator, before executing his will, and in the will itself, gave as a reason for omitting to make a devise or bequest to the contestant the alleged fact that she had an abundance of property for her needs. That he was not acting under a mistake in this regard was material to the issue of his capacity to appreciate the just claim to his bounty of his only kin. *Davenport* v. *Johnson,* 182 Mass. 269. The exception to the cross-examination was not well taken. *O'Connell* v. *Dow,* 182 Mass. 541, 546.

The law governing the testator's capacity to make the will and that relating to fraud and undue influence was fully and accurately stated.

The requests for rulings so far as they accurately stated the law were given in substance, and no just complaint lies to the refusal to give the others.

*Exceptions overruled.*