MARGARET LOCKHART *vs.* JOSEPH FERGUSON & others.

Bristol.    October 23, 1922. — December 1, 1922.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Will,* Validity. *Evidence,* Opinion: expert. *Practice, Civil,* Exception.

At the trial of an issue, framed on a petition for the probate of a will relative to the soundness of mind of an alleged testatrix, there was evidence tending to show that about two years before her death the alleged testatrix had suffered a slight cerebral hemorrhage; that about thirteen months before her death she had suffered a second hemorrhage which paralyzed her left arm and leg; that from that time to her death she was confined to her bed; that she made the alleged will on September 20, 1920, and died seven days later; that for about three months before her death she grew steadily weaker and, at about the time when the will was made, at times was unable to realize or converse with her next of kin. A medical expert testifying for the contestants, in answer to a hypothetical question assuming the main facts in evidence, gave it as his opinion that the alleged testatrix at the time of the making of the alleged will was not of sound and disposing mind. *Held,* that a finding, that the alleged testatrix was not of sound mind when the will was made, was warranted.

A physician, offered as an expert on the question of soundness of mind of an alleged testatrix, testified that he was a specialist in internal medicines and in nerves, had practised in mental diseases since 1913, was a graduate of the Harvard Medical School, had been in the neurological clinic of the Carney Hospital for sixteen months, and had been connected as a neurologist with St. Anne's Hospital in Fall River and the Fall River City Hospital. The trial judge, subject to an exception by the petitioner, found him to be qualified. *Held,* that the finding could not be found to have been clearly wrong, and the exception must be overruled.

It is proper to ask a properly qualified expert, called to testify on the question of the soundness of mind of an alleged testatrix, "Are you able to say whether [assuming certain facts in evidence] six days before she died . . . this woman was of sound and disposing mind;" and an answer, "In my opinion . . . this woman was not of sound and disposing mind," is not exceptionable and is not open to an objection that it necessarily includes a conclusion of mixed law and fact.

Where, at a trial, a question is asked of a witness and an answer given without objection and thereafter, during a discussion between the trial judge and counsel, an exception is taken to the admission of the question, no exception is saved.

PETITION, filed in the Probate Court for the county of Bristol on October 4, 1920, for the probate of the will of Fannie Boyd Ferguson, late of Fall River.

Jury issues, described in the opinion, were framed in the Probate Court and sent to the Superior Court for trial, and were tried before *Bishop, J.* There was evidence tending to show that about two years before her death the alleged testatrix had suffered a slight cerebral hemorrhage; that about thirteen months before her death she had suffered a second hemorrhage which paralyzed her left arm and leg; that from that time to her death she was confined to her bed; that she made the alleged will on September 20, 1920, and died seven days later; that for about three months before her death she grew steadily weaker and, at about the time when the will was made, at times was unable to recognize or converse with her next of kin.

Subject to exceptions by the petitioner, William F. MacKnight, M.D., called by the respondents and qualified as stated in the opinion, was asked: " Now, assuming that this woman, after suffering these shocks, being confined to her bed for — say from August, 1919, until September, 1920, until she died; that when she entered the bed she was a woman over two hundred pounds, and then faded away until at the time of her death she was about ninety to a hundred pounds, or thereabouts, and that the change was gradual, that is, the loss was gradual, and that as time was going on she was getting worse until the time of her death; that that night, when this will was drawn, within a few minutes after the will was executed, that she was unable or failed to answer to the call of her name and did n't seem to realize what was going on, and that her eyes were staring at the ceiling and at the wall, and the next day, when her sister-in-law came there, she was unable to recognize her although she has been her sister-in-law for some twenty odd years and has been on kind and loving terms; and now doctor, are you able to say whether six days before she died, which was the day before the experience with her sister-in-law, this woman was of sound and disposing mind?" The witness answered: "In my opinion I think this woman was not of sound and disposing mind."

Other material evidence and exceptions saved by the petitioner are described in the opinion. *The second issue, whether the testatrix when the alleged will was executed was of sound mind, was answered in the negative; and the petitioner alleged exceptions.*

*J. A. Kerns,* for the petitioner.

*D. R. Radovsky,* for the respondents.

PIERCE, J. Fannie Boyd Ferguson executed the instrument offered for probate as her last will on September 20, 1920, and died of cerebral hemorrhage September 27, 1920, at the age of sixty-two years. Margaret Lockhart, the petitioner, was named in the will as executrix and as residuary legatee.

The Probate Court for the County of Bristol framed and sent to the Superior Court for trial the following issues: (1) "Was the instrument now propounded for probate as the last will of Fannie Boyd Ferguson, late of Fall River in said County of Bristol, deceased, executed according to law?" (2) "Was said Fannie Boyd Ferguson of sound mind at the time of the execution of the instrument which is now propounded as her last will?" (3) "Was the instrument propounded for probate as the last will of said Fannie Boyd Ferguson procured to be made by fraud or undue influence of Alexander Lockhart and Margaret J. Lockhart, or either of them, exercised upon said Fannie Boyd Ferguson?" At the trial of the issues before a jury the first issue was answered in the affirmative; the second in the negative and the third in the negative. At the close of the evidence the petitioner asked the court to direct a verdict for the petitioner on the second issue, in the following language: "That upon all the evidence the jury must answer the second issue in the affirmative." The court refused to direct a verdict as requested and the petitioner duly excepted. "The court charged the jury fully and correctly on the law in the case."

The exception to the refusal to direct an affirmative answer to the second issue must be overruled. The petitioner had the burden of establishing by a fair preponderance of the evidence that the testatrix was of sound mind when she executed the will; and the jury passing upon the credibility of the witnesses could give such weight to the evidence offered in support of and against that issue as to them seemed appropriate under the instructions of the court. It is plain in this case as in the large majority of cases that it could not be ruled as matter of law that the burden of proof depending

on oral testimony was sustained. *Kelsall* v. *New York, New Haven & Hartford Railroad,* 196 Mass. 554, 556. *La Fond* v. *Boston & Maine Railroad,* 208 Mass. 451. *Coleman* v. *New York, New Haven & Hartford Railroad,* 215 Mass. 45, 47. The evidence in support of the contention that the testatrix was not of sound mind was substantial, and if believed warranted the finding of the jury. It follows that the finding of the jury on the second issue is conclusive upon the parties unless there was error of law in the conduct of the trial. *Dunster* v. *Goward,* 221 Mass. 339.

The petitioner next contends that the evidence did not warrant as matter of law the finding of the judge that a physician who testified for the respondents was qualified to testify as an expert on mental and nervous diseases. There was evidence that this physician was a specialist in internal medicines and in nerves, had practised in mental diseases since 1913, was a graduate of the Harvard Medical School, had been in the neurological clinic of the Carney Hospital for sixteen months, and had been connected as a neurologist with St. Anne's Hospital in Fall River and the Fall River City Hospital. There was further evidence of qualification. It is plain it cannot be found by this court that the judge was clearly wrong in his decision upon the preliminary question of the qualification of the witness; the exception thereto must be overruled. *Barker* v. *United States Fidelity & Guaranty Co.* 228 Mass. 421. *Cook* v. *Fall River,* 239 Mass. 90. *Old Colony Trust Co.* v. *Di Cola,* 233 Mass. 119.

The petitioner further excepted to the question of the respondents to the witness: "Are you able to say whether six days before she died . . . this woman was of sound and disposing mind?" and to the answer of the expert witness thereto: "In my opinion . . . this woman was not of sound and disposing mind." In support of this exception the petitioner argues that the answer to the question whether the witness "was of . . . disposing mind" includes necessarily a conclusion of mixed law and fact, which was a question for the jury under the instructions of the judge as to what a disposing mind is. It is clear in our practice that the term disposing mind is used synonymously with sound mind. But the admissibility of the question in the form put to the witness was decided affirmatively by this court in *Hathorn* v. *King,* 8 Mass. 371, against the objection that "the examination proposed would

put the physicians in the place of the jury." This decision was quoted at length by Gray, J., and approved by the court in *Hastings* v. *Rider*, 99 Mass. 622, 625. It follows that this exception must be overruled.

The petitioner further claims an exception was taken to the testimony of a witness that the petitioner made statements which tended to show the incapacity of the testatrix to make a will. We are of opinion the exception was not saved. The question was asked and the answer given without objection, and the exception was taken during a discussion which followed between court and counsel. Moreover the same testimony in substance was later given by another witness, without objection or exception being taken to it.

It follows that the entry must be

*Exceptions overruled.*