HARRIS M. DOLBEARE, executor, *vs.* EDEN K. BOWSER, administrator.

Middlesex.    October 23, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Will*, Waiver of provisions. *Husband and Wife. Guardian. Probate Court*, Petition to annul waiver of provisions of wife's will by guardian of husband. *Equity Jurisdiction*, In Probate Court, Adequate remedy at law.

The executor of the will of a woman brought in the Probate Court a petition in equity to have declared void a waiver, filed in 1923 by the guardian

of the husband of the testatrix, of the provisions of the will of the testatrix, in which the executor alleged that the guardian had been appointed because the husband was in such a condition both mentally and physically that his death was expected within a short time, that the guardian was a brother and one of the heirs presumptive of the husband and that his daughter was also an expected beneficiary of the husband's estate; that the provisions of the will of the petitioner's testatrix gave her husband the use and income of all her property for life, and provided that in case that should not be sufficient, he should have the right, after his own property was exhausted, to use as much of the principal as might be necessary for his comfort and pleasure; that the husband died less than two months after the waiver was filed; and that in the filing of the waiver the guardian did not act in good faith or in the exercise of his discretion as guardian, or for the benefit of the ward, but was acting fraudulently for the purpose of increasing the estate of his ward in which he expected to share as heir at law and in which his daughter expected to share as one of the residuary legatees.  The respondent demurred.  *Held*, that

(1) The guardian's authority extended only to such things as might be for the benefit and advantage of the ward;

(2) Upon the facts alleged in the petition and admitted by the demurrer, a clear violation of duty by the guardian was shown;

(3) A remedy of the petitioner, by an answer to a petition by the administratrix of the estate of the husband for a distributive share, would not be as "practical and efficient to the ends of justice and its prompt administration" as the remedy in equity;

(4) The demurrer must be overruled.

PETITION, filed in the Probate Court for the county of Middlesex on August 12, 1924, and afterwards amended, by the executor of the will of Rebecca E. Parker to have declared null and void certain waivers of the provisions of the will of the petitioner's testatrix filed on behalf of her husband, Moses P. Parker, by his guardian.

The allegations of the petition are described in the opinion. The respondent administrator with the will annexed of the estate of Moses P. Parker demurred on the grounds described in the opinion.   The demurrer was heard by *Leggat*, J., and was sustained.   The petitioner appealed.

*T. Eaton*, for the petitioner.

*G. M. Poland*, for the respondent.

SANDERSON, J.   This is a petition filed in the Probate Court, by the executor of the will of Rebecca E. Parker, to have declared null and void the waivers of the provisions of her will, filed by Samuel T. Parker as guardian of her husband,

Moses P. Parker, an insane person; and to enjoin the defendant administrator with the will annexed of Moses P. Parker from prosecuting his demand for $10,000 and interest, alleged to be due under said waiver, and for instructions to distribute the balance of the estate in his hands, as executor, as though no waiver had been filed. It appeared that two waivers were filed, one in the name of Samuel T. Parker, guardian, and the other in the name of Moses P. Parker, by Samuel T. Parker, guardian.

Rebecca E. Parker died January 31, 1923, testate, leaving ho children. Her estate in the petitioner's hands after paying debts is about $18,000. The provision for her husband in her will would give him the use and income of all her property for life; and in case that should not be sufficient, he would have the right, after his own property was exhausted, to use as much of the principal as might be necessary for his comfort and pleasure.

Samuel T. Parker, a brother of Moses P. Parker, was appointed guardian March 19, 1923, upon a petition dated January 1 of that year, and on March 29, 1923, he filed in the Probate Court the waivers hereinbefore referred to. When this appointment was made, Moses P. Parker was in such a condition both mentally and physically that his death was expected within a short time, and the guardian knew, or was informed by the attending physician, that there was no chance that the ward could live more than a few weeks. He died May 8, 1923, leaving a will in which Ruth M. Wells and Marguerite S. Carlisle are residuary legatees, and his estate is sufficient to pay all debts, charges and legacies, and leave a substantial balance for the residuary legatees. During the period between the date of the death of Mrs. Parker and that of her husband, his heirs presumptive were his brother, who was appointed guardian, his sister, and a niece (Marguerite S. Carlisle), who is one of the residuary legatees.

It is alleged that, if the waivers are effective, the defendant as administrator is entitled to " $10,000 together with interest on one half the balance of the estate . . . from January 31, 1923, to May 8, 1923," and that he has made demand for the

payment of "$10,000 and interest thereon due to the estate of Moses P. Parker" under the waiver.

The grounds for relief alleged in the petition are that the guardian in filing the waivers was not acting in good faith or in the exercise of his discretion as guardian, or for the benefit of the ward, but was acting fraudulently for the purpose of increasing the estate of his ward in which he expected to share as heir at law or in which his daughter expected to share as one of the residuary legatees; and that the guardian gave no consideration to the interests of his ward or to the action which his ward would have taken in' respect to his wife's will had he been in his right mind, but considered wholly the interests and benefits of those who would be entitled to share in the estate of Moses P. Parker after his death. The demurrer admits the truth of. these allegations. The grounds for sustaining the demurrer argued by the respondent are (1) want of equity; (2) that the facts alleged do not show fraud by the guardian; and (3) that if such a contention as the petitioner makes is open, the same matter may be pleaded in the Probate Court in defence to a petition by the administrator to obtain his distributive share, and that such defence is an adequate remedy.

The right given to the surviving spouse to waive the provisions for his or her benefit in a will is a personal privilege, and not a property right which passes to personal representatives or next of kin. The motives by which a surviving husband or wife might be influenced are not likely to be the same as those which would be controlling with the heirs of such survivor. *Sherman* v. *Newton*, 6 Gray, 307. *Jones* v. *Maguire*, 221 Mass. 315. It was held in *Pinkerton* v. *Sargent*, 102 Mass. 568, that, if the widow was insane, neither she nor her guardian could waive the provisions of her husband's will. Soon after this decision the statute authorizing a guardian to waive the provisions of a will for his ward was enacted. St. 1871, c. 97; now G. L. c. 201, § 45. It was not until 1924 that the statute was so amended that no waiver of a will by a guardian is valid until approved by the Probate

Court, after notice to such persons, if any, as the court shall deem proper, and a hearing thereon. St. 1924, c. 8. It is not contended that the amendment of 1924 applies to this case.

The guardian occupies a fiduciary relation toward his ward. His bond requires him to manage and dispose of all of his ward's property according to law and for the best interests of the ward, and faithfully to perform his trust in relation to the trust property and to the custody and maintenance of the ward. G. L. c. 205, §§ 1, 12. His authority and interest extend only to such things as may be for the benefit or advantage of the ward. *Oliver* v. *Houdlet,* 13 Mass. 237, 239. It was stated in England many years ago that "In managing the estate of a lunatic the general principle is to attend solely to the interest of the owner without any regard to the succession"; and that "the Court have always shut out of their view all consideration of eventual interests; and consider only the immediate interest of the person under their care." *Oxenden* v. *Lord Compton,* 2 Ves. Jr. 69, 72. "The policy of the law, for very obvious reasons, forbids guardians to be purchasers of the property of their wards, and this rule is entirely independent of the question whether any actual fraud was committed or intended in the purchase." *Walker* v. *Walker,* 101 Mass. 169, 172.

The reasons are equally obvious for adopting the same rule in case a guardian does any act in his official capacity solely with a view to increasing the size of the estate which either he, members of his family, or others will inherit from the ward upon his death. Chancery "treats with suspicion all acts and circumstances evincing a disposition on the guardian's part to derive undue advantage from his position." Schouler, Dom. Rel. § 890. (6th ed.) Upon the allegations of the petition, the guardian gave no consideration to the interests of the ward but waived the provisions of the will solely to increase the estate which the heirs or the beneficiaries under the ward's will would receive. A clear violation of duty is stated. The guardian, because of his fiduciary relation to the ward, must, in waiving the provisions of a will, perform his duty as guardian and act solely for the interest of the ward. If he acts in his own interest,

or in that of others than his ward, a court of equity may declare the waiver to be null and void.   In some jurisdictions the courts have the duty of deciding in behalf of an insane person whether the provisions of the will of the husband or wife of such person should be waived; and it has been held that in making their decisions courts must keep in mind as the first consideration the welfare of the surviving husband or wife.   *Penhallow* v. *Kimball*, 61 N. H. 596.   *Spruance* v. *Darlington*, 7 Del. Ch. 111.   *Fidelity Trust Co.'s Appeal*, 250 Penn. St. 9.   *State* v. *Hunt*, 88 Minn. 404.   *In re Estate of Stevens*, 163 Iowa, 364.   *Brooke's Estate*, 279 Penn. St. 341. A similar duty must be held to rest upon the guardian who is authorized by our statute to exercise the same power.

The plaintiff is not debarred from bringing this bill in equity to have the waiver declared null and void, even if he might assert the same claim in defence to an action on petition of the defendant to recover a share of the estate.   " . . . ordinarily the remedy of an independent suit in equity is concurrent."   *Noyes* v. *Noyes*, 233 Mass. 55, 61.   *J. P. Eustis Manuf. Co.* v. *Saco Brick Co.* 198 Mass. 212, 217.   In the case at bar the remedy by way of answer would not be as "practical and efficient to the ends of justice and its prompt administration as the remedy in equity."   *Nathan* v. *Nathan*, 166 Mass. 294, 295.   In *Bailey* v. *Dillon*, 186 Mass. 244, the plaintiff was not permitted to maintain a bill in equity to enjoin his wife from proceeding with a petition for support in the Probate Court because he had a complete and adequate remedy by setting up in that court as a bar to the petition the contract upon which he relied.   In *Stearns* v. *Bemis*, 185 Mass. 196, the executor was permitted to have the validity of a waiver of the provisions of the will, not absolute in form, determined upon a bill in equity for instructions; and in the case at bar the executor has the right to maintain his petition.

The order sustaining the demurrer and dismissing the petition is reversed, and an interlocutory decree is to be entered overruling the demurrer.

*So ordered.*