MAE S. WITHERINGTON, administratrix, *vs.* JAMES R. NICKERSON, executor, & others.

Suffolk.    January 20, 21, 1926. — June 8, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Guardian. Husband and Wife. Executor and Administrator. Equity Jurisdiction,* To relieve from fraud.

In determining a suit in equity before them upon appeal from a final decree entered after a hearing by a judge, where all the evidence is reported by a stenographer appointed under G. L. c. 214, § 24; Equity Rule 35, (1905), it is the duty of this court to examine the evidence with care and to decide the case according to their judgment, giving due weight to the finding of the judge.

If a husband, who is guardian of his wife, an insane person, executes an instrument which he signs as her guardian and in which he purports to acknowledge full satisfaction of indebtedness secured by an assignment previously made by him to his wife of an insurance policy upon his life payable to his estate, and also to relinquish his right, title, interest, and claim in and to the policy and to discharge the assignment, the executor of his will may be compelled by a suit in equity brought by the administrator of the estate of the wife, who died after her husband, to pay to her proceeds of the policy which the executor had collected, such instrument, even if treated as a discharge by the guardian of the assignment, being an act by the guardian which, considered by itself, was not for the best interests of the ward and, therefore, was voidable as a breach of duty by the guardian, even if in executing it the husband committed no actual fraud and acted in accordance with a wish of the wife, expressed before she became insane, and although he also, in accordance with the same expressed wish of hers, made a will under which she received more from his estate than otherwise would have been her legal share.

BILL IN EQUITY, filed in the Superior Court on April 16, 1925, and afterwards amended, against the executor of the will of Clarence F. Eldredge, State Mutual Life Assurance

Company and Old Colony Trust Company to establish rights of the plaintiff as administratrix of the estate of Helen Farnsworth Eldredge in insurance upon the life of her husband, Clarence F. Eldredge, Esquire.

In the Superior Court, the suit was heard by *Morton,* J., a stenographer having been appointed under the provisions of G. L. c. 214, § 24, Equity Rule 35 (1905). Material evidence and findings by the judge are described in the opinion. By order of the judge a final decree was entered dismissing the bill. The plaintiff appealed.

*F. W. Mansfield,* (*W. T. Way* with him,) for the plaintiff.

*A. C. York,* (*F. A. Thayer* with him,) for James R. Nickerson.

SANDERSON, J. Helen Farnsworth Eldredge was the wife of Clarence F. Eldredge, who died February 26, 1925, leaving a will of which the defendant Nickerson is executor. Mr. Eldredge was appointed guardian of his wife November 8, 1922, when she was adjudged insane, and continued to hold that trust until his death; thereafter the plaintiff was appointed guardian and was acting as such when she began this suit. Since the hearings in the Superior Court, Mrs. Eldredge has died and the plaintiff has been appointed administratrix of her estate and admitted as party plaintiff to prosecute this suit.

The defendant State Mutual Life Assurance Company issued to Mr. Eldredge four policies insuring his life, each of which at one time was made payable to his estate and later was assigned by absolute assignment to Helen Farnsworth Eldredge, one having been assigned before they were married and three afterward. On November 9, 1922, Mr. Eldredge executed certain instruments relating to the policies in which he acknowledged full satisfaction of the indebtedness secured by the assignments, relinquishing his right, title, interest and claim in and to said policies and discharging the assignments. He signed these instruments "Clarence F. Eldredge guardian for Helen Farnsworth Eldredge." At his death his wife and one daughter survived him. After the appointment of the defendant Nickerson as executor, he collected the money on all the policies which had been

assigned to Helen Farnsworth Eldredge, and he now holds the proceeds of those policies. Evidence was introduced tending to show that the plaintiff as guardian had filed a waiver of the provisions in Mr. Eldredge's will for her ward, but it did not appear that the court had acted on the waiver.

The plaintiff contends that the act of Clarence F. Eldredge in attempting to release his wife's interest in the policies and discharging the assignments was null and void; and she now seeks to establish the right of her deceased sister to the policies or their proceeds. The trial judge found that shortly after the marriage of Mr. and Mrs. Eldredge in 1919, she expressed a desire that he fix the insurance policies in some way so that her sister, the present plaintiff, should get nothing; stating that she wanted the policies payable to her husband's estate, and that he should make a will to protect her so that her sister could not get any of the proceeds of the policies, and that she wanted the Old Colony Trust Company to look after her interests. She was assured at the time by Mr. Eldredge, in substance, that this could be done and that she would personally receive the benefit from the policies. She expressed this desire at other times subsequent to 1919 but did nothing further in reference to the policies.

In January, 1923, Mr. Eldredge executed a will, and in March, 1924, a second will, revoking the first, and finally, on December 30, 1924, he executed his last will which provides, in part, that his real estate shall be held in trust, to permit his wife to occupy it free of expense if the trustees believe it is desirable for her to do so, and the trustees are to use and apply the net income from the trust estate at such times and in such amounts as they deem expedient for her support so long as she should be mentally incapacitated. They also were given authority to expend such portions of the principal of the trust fund as in their discretion might be necessary and expedient, in addition to the income, to provide her with every comfort consistent with the state of her needs. After her recovery she was to have the whole income for life, with similar authority to the trustees to make payments from the principal in their discretion. At

the decease of his wife the property or what remained was to go to his daughter. The judge found that these wills were made by Mr. Eldredge in fulfilment of an understanding that he had with his wife in regard to the carrying out of her desire as stated above, and in view of the fact that he had prior thereto transferred the policies to his own estate; that in making the assignments he committed no fraud upon his ward, but was actuated only by the desire to comply with her expressed wishes; that he was not merely exercising an authority given him by his wife, but was acting as guardian in her behalf to carry out an agreement on her part, as a result of which she received from his estate by his will more than otherwise she was legally entitled to. The judge ruled that neither the ward nor the guardian could avoid the assignments, refused to give the plaintiff's requests for rulings so far as inconsistent with the findings and rulings, and entered a decree dismissing the bill.

All the testimony is reported and "it is the duty of this court to examine the evidence with care and to decide the case according to its judgment, giving due weight to the finding of the judge." *Corkery* v. *Dorsey,* 223 Mass. 97, 100. *Goodell* v. *Goodell,* 173 Mass. 140, 146. *Sawyer* v. *Clark,* 214 Mass. 124, 126.

There is nothing in the testimony to indicate the size of the estate left by Mr. Eldredge or the amount of his debts. There was no evidence of the probable length of life of Mrs. Eldredge at the time of her husband's death or of any expectation that she would become sane again. The plaintiff testified that by waiving the provisions of his will her sister would not get as much as she was entitled to under the will. From the copy of the policies of life insurance attached to the record, their face value would seem to be $13,000. The finding of the judge that Mrs. Eldredge under the will would receive more from her husband's estate than otherwise she would be entitled to, apparently means that in the opinion of the judge a life interest in the whole with the discretionary powers given the trustees would be more than the one third of the personal and real property given the widow by statute. G. L. c. 190, § 1 (2).

A wife has such an interest in a policy of insurance on her husband's life payable to her that, upon her death before his, her rights vest in her administrator and her husband can claim no interest in the policy although he has paid premiums on it after her death. *Swan* v. *Snow*, 11 Allen, 224. The husband cannot take away the wife's interest by any assignment made by him; *Knickerbocker Life Ins. Co.* v. *Weitz*, 99 Mass. 157, 159, *Unity Mutual Life Assurance Association*, v. *Dugan*, 118 Mass. 219; or by a provision in his will. *Gould* v. *Emerson*, 99 Mass. 154. Mrs. Eldredge could make no valid contract with her husband. *Bassett* v. *Bassett*, 112 Mass. 99. *Clark* v. *Royal Arcanum*, 176 Mass. 468. If he had any authority to dispose of his wife's interest in the policies it was solely because of his office as guardian. In the attempted relinquishment by him of his ward's rights, the discharge of the assignments, and the substitution of Mr. Eldredge's estate as beneficiary, the guardian had a personal interest in the transaction adverse to that of the ward. If the policies became payable to his estate, he could name a new beneficiary or dispose by will of the proceeds of the policies or, if he did neither of these things, those proceeds would pass to the persons who inherit his property. In such a transaction his conduct should be judged by the same standards as those which apply to a guardian or other fiduciary who becomes purchaser of the property entrusted to his charge. *Arnold* v. *Brown*, 24 Pick. 89, 96. *Wyman* v. *Hooper*, 2 Gray, 141, 145. *Dyer* v. *Shurtleff*, 112 Mass. 165. *Hayes* v. *Hall*, 188 Mass. 510. *George N. Pierce Co.* v. *Beers*, 190 Mass. 199, 205. *Sunter* v. *Sunter*, 190 Mass. 449.

The act of the guardian, in relinquishing his ward's rights as beneficiary under the policies and substituting in her place his own estate, considered by itself is not for the best interests of the ward and is voidable as a breach of duty by the guardian. He cannot justify obtaining benefits from his dealings with the ward's property by proving that there was no fraud, *Dolbeare* v. *Bowser*, 254 Mass. 57, or that his wife wanted to give up her rights as a beneficiary before she became insane; nor by showing that he afterwards made a will in accordance with her previously expressed

wish giving her an interest for life in his estate concerning which the judge made the finding hereinbefore stated. A guardian derives his authority wholly from the law, *Nelson* v. *Katzmann*, 243 Mass. 240, 242, and the consent of the ward, either before or after the guardianship, is no excuse for any act on his part otherwise unjustifiable. See *Harding* v. *Larned*, 4 Allen, 426, 429. *Hicks* v. *Chapman*, 10 Allen, 463, 465. He may protect himself in the management, investment and disposition of his ward's estate by application to the Probate Court for directions. G. L. c. 201, § 47. If a principal becomes insane before the agent has performed his undertaking, the agency is terminated or suspended by operation of law, except in the cases where a consideration has previously been advanced so that the power became coupled with an interest, or where rights of innocent third parties have intervened. *Matthiessen & Weichers Refining Co.* v. *McMahon*, 9 Vroom, 536, 546. *Chase* v. *Chase*, 163 Ind. 178, 186. *Hartford* v. *McGillicuddy*, 103 Maine, 224. *Davis* v. *Lane*, 10 N. H. 156, 159. Story on Agency (9th ed.) § 481. Mechem, Agency, (2d ed.) § 676. The general rule is that one acting in a fiduciary capacity for another has the burden of proving that a transaction with himself was advantageous for the person for whom he was acting. *Smith* v. *Smith*, 222 Mass. 102, 106. *Hill* v. *Hall*, 191 Mass. 253, 264. The act of the guardian in depriving his ward of the entire beneficial interest in the policies and making them payable to his estate is presumptively invalid and voidable at the instance of the ward or of the representative of the ward's estate. *Walker* v. *Walker*, 101 Mass. 169. *Dolbeare* v. *Bowser, supra.* " . . . the law will not permit one to buy an estate, which he was intrusted to sell, in such manner as to make any profit or benefit to himself." *Jennison* v. *Hapgood*, 7 Pick. 1, 8. When the guardian himself buys his ward's property even if the price is fair and there is no fraud, the sale may be voided by suit in equity brought by any one having a right to represent the ward's interest. He cannot successfully defend his title to property thus obtained by evidence that his motive was to benefit the ward. *Yeackel* v. *Litchfield*, 13 Allen, 417. *Walker* v.

*Walker,* 101 Mass. 169, 172. *Goodell* v. *Goodell, supra.* See also *Morse* v. *Hill,* 136 Mass. 60, 64, 70; *Denholm* v. *McKay,* 148 Mass. 434, 441. Moreover, in this case the avowed object of cancelling the assignments and giving Mrs. Eldredge a life interest in her husband's estate was not to benefit the ward, but to comply with the previous expressed wish of the ward that her sister should not have any of the proceeds of the policies. See *Dolbeare* v. *Bowser, supra,* at page 61.

The law forbidding fiduciaries from gaining any personal advantage from the use or sale of property entrusted to their care is based upon the necessity of maintaining proper standards of duty on their part. In the performance of those duties they should have no personal pecuniary interest. *Hayes* v. *Hall,* 188 Mass. 510, 511. The fact that when the suit was brought the plaintiff was a prospective heir of the ward would not prevent her from maintaining a suit as guardian to set aside a voidable transaction of her predecessor in the trust, nor from continuing to prosecute that suit in her capacity as administratrix. The objection to the manner in which she described herself as plaintiff in the bill need not be considered, because of the order allowing her to appear as administratrix. Her right to recover now depends upon her title as administratrix.

It follows that the plaintiff is entitled to recover the proceeds of the policies now held by the defendant, that the decree dismissing the bill is to be reversed, and a decree for the plaintiff in accordance with this opinion is to be entered.

*Ordered accordingly.*