MAE S. WITHERINGTON, administratrix, & another *vs.*
MARION W. ELDREDGE & another.

Suffolk.    March 29, 30, 1928.— June 19, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Equity Pleading and Practice,* Jury issues, Exceptions, Equity Rule 29
(1926). *Marriage,* Validity. *Husband and Wife. Deed,* Validity,
Recording. *Contract,* Consideration, Performance and breach. *Frauds,
Statute of. Res Judicata. Equity Jurisdiction,* Specific performance.

Proceedings at the trial by jury of issues framed in a suit in equity are ac-
cording to the course of the common law and are not strictly speaking
a part of the suit in equity.   Per CROSBY, J.

Issues framed in a suit in equity were tried by a jury, an order having been
made by the trial judge appointing a stenographer under Equity Rule
29 (1926) "to take the evidence . . . to be reported to the Supreme
Judicial Court."   All of the evidence, the charge and instructions by
the judge to the jury, and exceptions saved by the parties were thus
taken.    After the answers by the jury, a final decree dismissing the bill
was entered by order of another judge and the plaintiff appealed there-
from.    The record presented to this court included a full report by the
stenographer of the trial before the jury, but there was no bill of excep-
tions and no report by the trial judge.   *Held,* that exceptions taken at
the trial before the jury were not properly before this court on the
record.

A finding by a judge hearing a suit in equity that, in 1919, within two
months after a decree of a court of this Commonwealth granting an
absolute decree of divorce to a man from his wife, the libellee and another
man "went to New York, each knowing of the impediment to their mar-
riage in Massachusetts, and with the purpose to avoid the force of
Massachusetts laws, and to return here to live," warrants a ruling that
such marriage was void in this Commonwealth.

A contract entered into between the woman and the man and a daughter
of the man, after the performance of the ceremony above described
and before a subsequent valid ceremony, whereby the woman agreed to,
and afterwards did, convey to the man all her interest in real estate
which had been conveyed to him and her as "tenants by the entirety"
and he agreed to make a will in substance placing his property in trust,
the income and the principal, if necessary, to be used for her comfort-
able support and maintenance during her life and, after her death, the
trust property to be given to the daughter, was valid, and, such con-
veyance and such will having been made, was enforceable by the daugh-
ter after the death of both the man and the woman.

A valid marriage by the man to the woman before the performance of the
agreement, made in the circumstances above described, did not render
it invalid.

A promise by the man's daughter that she would not contest her father's will in the circumstances above described constituted a valid consideration for the promise of the other two parties to the agreement, as also did a promise on her part to suppress her resentment toward her father's wife and to make the home harmonious.

There being nothing to show that the agreement above described was made in contemplation of marriage and the agreements to convey the real estate and to make the will having been fully performed, no provision of the statute of frauds was a bar to enforcement by the daughter of the agreement, although it was oral.

A decree for the plaintiff, previously entered in a suit in equity by the guardian of the woman against the executor of the will of the man, requiring a cancellation of assignments by the man as guardian to himself individually of the wife's interest in certain policies of insurance upon his life, was not *res judicata* in this suit, the agreement above described not having been in issue in the former suit; nor was maintenance of the present suit barred by the fact that the daughter, who was a witness at the former trial, did not in her testimony refer to the oral agreement upon which she relied.

The fact that deeds by a man and his wife in April, 1922, to a third person and by such third person to the man were not recorded for more than seven months after their execution and delivery, and that in the meantime the wife had become insane, did not render the deeds invalid at the time of their being recorded.

It was not the intention of the Legislature in enacting St. 1912, c. 304, or G. L. c. 209, § 3, to change the law permitting conveyances of real estate to be made between husband and wife through the medium of a third person.

A part of the oral agreement above described was that the woman should convey to the man all her interest in policies of insurance upon his life. Both she and the man died without an effectual conveyance having been made. In this suit, upon an appeal by the plaintiff from a decree for the daughter under a prayer of a cross bill, the daughter was *held* to be entitled, under the father's will, to the proceeds of the policies.

BILL IN EQUITY, filed in the Superior Court on May 6, 1925, and afterwards amended, in which Mae S. Witherington, probate guardian of Helen Farnsworth Eldredge, originally was sole plaintiff.

Material allegations of the bill and of a cross bill are stated in the opinion.

Issues were framed for trial by jury, and were tried before *Qua*, J., in October, 1926. On October 28, 1926, the jury made the following findings upon the issues:

"Was the deed from Clarence F. Eldredge and Helen F. Eldredge to Clarke delivered on or about April 8, 1922 as claimed by the defendant Marion W. Eldredge or about the

last of August 1922 as claimed by the plaintiff Mrs. Witherington? The jury answered: On or about April 8, 1922."

"Was Helen F. Eldredge at the time of the delivery of the deed from Clarence F. Eldredge and herself to Michael F. Clarke of sound mind? The jury answered: Yes.

"Did Clarence F. Eldredge make false and fraudulent representations to his wife in order to induce her to execute and deliver the deed to Clarke? The jury answered: No.

"Was there an oral agreement between Clarence F. Eldredge and his wife, Helen F. Eldredge, and Marion W. Eldredge as alleged by Marion W. Eldredge in her cross bill? The jury answered: Yes.

"Were the deeds of Clarence F. Eldredge and Helen F. Eldredge to Clarke and of Clarke to said Clarence F. Eldredge given without consideration? The jury answered: No."

On December 5, 1927, "as of October 28, 1926," an order was made by *Qua,* J., "under the provisions of Chancery Rule 29," appointing a stenographer "to take the evidence . . . to be reported to the Supreme Judicial Court." The full report of the evidence, of the charge of the judge and of exceptions saved at the trial of the issues was printed with the record before this court. There was no bill of exceptions, and no report by the trial judge was filed.

On February 15, 1927, the suit was further heard before *Morton,* J., a stenographer having been appointed under Equity Rule 29 (1926), G. L. c. 214, § 24, to take the evidence. Findings by the judge are stated in the opinion.

By order of *Morton,* J., a final decree was entered on November 15, 1927, dismissing the main bill with costs and, under the cross bill, decreeing that "the contract between Clarence F. Eldredge and Helen F. Eldredge and Marion W. Eldredge as set forth in said cross bill of complaint was a valid contract, that said Marion W. Eldredge has fully performed her obligations thereunder, that said Marion W. Eldredge is entitled to specific performance of said contract, that the discharges of assignments of the four policies of insurance issued by the State Mutual Assurance Company on the life of Clarence F. Eldredge, deceased, executed by said Eldredge as guardian of said Helen F. Eldredge pur-

suant to the obligations of said Helen F. Eldredge, under said contract, as alleged in said cross bill of complaint, were valid and binding, that the proceeds thereof are a part of the estate of said Clarence F. Eldredge." The plaintiff appealed.

On February 2, 1928, the plaintiff suggested the death of Helen Farnsworth Eldredge, alleged that she had been appointed administratrix of her estate, and that she individually and her brother Andrew J. Shannon were sole next of kin of Helen Farnsworth Eldredge, and moved that she as administratrix be permitted to prosecute the suit and that she and her brother as individuals be joined as parties plaintiff. The motion was allowed.

*F. W. Mansfield,* (*A. Mehlinger & W. T. Way* with him,) for the plaintiffs.

*J. H. Devine & A. Lincoln,* for the defendants.

CROSBY, J. This is a suit in equity to cancel a deed executed by Helen Farnsworth Eldredge, the plaintiff's intestate, and her deceased husband, Clarence F. Eldredge, whereby they conveyed, through a third person, a certain parcel of real estate owned by them jointly to Clarence F. Eldredge, it being alleged that the deed was executed without consideration, that Eldredge induced his wife to execute it by false representations, and that at the time of such execution she was of unsound mind and without mental capacity to make the conveyance. The defendant Marion W. Eldredge, who is a daughter of Eldredge by his first wife and who will hereafter be referred to as the defendant, filed a cross bill, setting up the affirmative defence that Eldredge, Helen Farnsworth Eldredge and the defendant entered into an oral agreement in pursuance of which the deed was executed. The jury answered certain issues submitted to them, and further findings were made by a judge of the Superior Court. A final decree was entered in favor of the defendants.

A brief statement of undisputed facts is as follows: On February 14, 1918, Lucie W. Eldredge, the first wife of Clarence F. Eldredge, died. On January 9, 1918, the plaintiff's intestate had married one Bascom. A suit, brought against

Eldredge by Bascom for alienation of his wife's affections, was settled on May 17, and on June 22, Bascom was granted a divorce from his wife, which became absolute on December 23.   On February 22, 1919, Eldredge went through the form of a marriage ceremony with Helen Farnsworth Bascom, in New York City; they immediately returned to Boston and lived together upon the premises which are the subject of this suit.   A second marriage ceremony was performed in Boston on December 26, 1920.

The real estate involved in this litigation had been purchased by Eldredge on November 25, 1918, and on April 18, 1919, was conveyed by him through one McQuaid to himself and Helen Farnsworth Eldredge as tenants by the entirety. Before this conveyance he had assigned to her four policies of insurance on his life, amounting to $13,000, which previously had been payable to his estate.   These policies were the subject of litigation in *Witherington* v. *Nickerson,* 256 Mass. 351.   For several years before the marriage of Eldredge to Mrs. Bascom he had been intimate with her.   The defendant had lived with her father; she had a feeling of resentment toward his second wife and the family relations were not harmonious.   There was evidence that in January, 1920, Mr. and Mrs. Eldredge and the defendant entered into an oral agreement by the terms of which Mrs. Eldredge agreed, after considerable discussion, to convey to Eldredge all her interest in the real estate, and in the insurance policies, and he agreed to make a will whereby, with the exception of some minor bequests, all his property, including the real estate in question and the proceeds of the insurance policies, would be left in trust for the benefit of Mrs. Eldredge during her lifetime; the principal and income were to be used to insure her comfortable support and maintenance, and after her death the remainder of the property was to be paid over to the defendant, who agreed not to contest any will made by her father in pursuance of the agreement, and to give up or "submerge" any feeling of resentment resulting from his second marriage, and to make their home life harmonious. On April 4, 1922, Eldredge and his wife purported to convey the premises previously owned by them as tenants by the

entirety to one Clarke, who on April 8, 1922, purported to convey the premises to Eldredge.    These deeds were recorded on November 28, 1922.

November 2, 1922, Mrs. Eldredge was adjudged insane by decree of the Probate Court for the County of Suffolk, and her husband was appointed her guardian.    He died February 26, 1925, leaving a will duly executed on December 30, 1924, whereby, pursuant to the terms of the oral agreement, and after making some minor bequests, he left the residue of his estate in trust to the Old Colony Trust Company and to the defendant Nickerson, the income therefrom to be paid to his wife during her life, with power in the discretion of the trustees to apply a part or the whole of the property for her comfort and maintenance, and, after her death and after the payment of charges and expenses incurred on account of his wife, the remainder of the estate was to be transferred to his daughter Marion.    On March 26, 1925, the plaintiff Witherington was appointed guardian of Mrs. Eldredge, who died intestate after this suit was brought.    The plaintiff was appointed administratrix of her estate, and after the entry of a final decree in favor of the defendant and the appeal of the plaintiff from the decree, the plaintiff moved that she be allowed to prosecute the suit as administratrix instead of as guardian, and that she and the plaintiff Shannon be joined as parties plaintiff in their individual capacities as heirs of Mrs. Eldredge; the motion was allowed.

The jury having found that the deed to Clarke was delivered on or about April 8, 1922, in accordance with the instructions of the trial judge they found that Mrs. Eldredge was then of sound mind.    The jury further found in accordance with the judge's instructions that Eldredge did not make any false or fraudulent representations to his wife in order to induce her to execute and deliver the deed to Clarke. The jury also found that the deeds from Eldredge and his wife to Clarke and from Clarke to Eldredge were not given without consideration, and that there was an oral agreement between Eldredge and his wife and his daughter Marion, as alleged in the cross bill.    After the findings by the jury had been rendered, the case was heard by a judge of the Superior

Court who further found that Eldredge and Mrs. Bascom "went to New York, each knowing of the impediment to their marriage in Massachusetts, and with the purpose to avoid the force of Massachusetts laws, and to return here to live"; and he ruled "that this first marriage was void in Massachusetts, and that therefore the parties to said attempted marriage were not legally husband and wife, and could contract and enter into said agreement." He refused to rule that the oral agreement was invalid and ruled that it was a valid contract; that Marion W. Eldredge, having fully performed her obligations thereunder, was entitled to specific performance thereof. Exceptions and an appeal were taken by the plaintiff to the refusal of the judge to rule as requested, and to certain findings and rulings made. A final decree was entered in accordance with the findings and rulings, on November 15, 1927. From this decree the plaintiff appealed.

1. The question is presented whether the evidence before the jury, the charge of the trial judge, and the plaintiffs' exceptions to his rulings and refusal to rule are properly before this court. The proceedings before the jury are according to the course of the common law, and, therefore, are not strictly speaking a part of the equity suit. It was said by Knowlton, C.J., in *Crocker* v. *Crocker*, 188 Mass. 16, 20, that "When such issues are framed, and until they are disposed of by the court, they carry with them the ordinary methods of trial by jury in an action at common law. The verdict may be set aside for good cause, as a verdict may in an action at law." In the case at bar the verdict upon the issues submitted is conclusive unless set aside. *Langmaid* v. *Reed*, 159 Mass. 409, 411. *Dudley* v. *Dudley*, 176 Mass. 34, 37. *Dunster* v. *Goward*, 221 Mass. 339, 340, 341. *Lambert* v. *Cheney*, 221 Mass. 378, 380. It follows that exceptions taken at the trial before the jury must be embodied in a bill of exceptions or in a report by the trial judge in order that they may be determined in this court. See *Ingalls* v. *Oliver*, 198 Mass. 345, 346; *Dunster* v. *Goward, supra*; *Becker* v. *Becker*, 238 Mass. 362, 365; *Lockhart* v. *Ferguson*, 243 Mass. 226, 228, 229. Such was the procedure followed in *Owen*

*Tire Co.* v. *National Tire & Rubber Co.* 242 Mass. 375. The provisions of G. L. c. 231, § 113, are applicable. G. L. c. 214, § 25, is applicable only to a hearing before the court, and not to a trial of issues to a jury. See *Pigeon's Case*, 216 Mass. 51, 55. The only provisions for the appointment of a commissioner to take evidence in a suit in equity are under G. L. c. 214, § 24, and Equity Rule 29 (1926). There is no provision for the appointment of a stenographer when in an equity suit issues are framed and tried before a jury. The absence of such a provision is due to the fact that it is the function of the official court stenographer, and not of a commissioner, to take such evidence. In this connection see St. 1926, c. 177, whereby a final decree shall be entered in suits in equity although exceptions are pending. It follows that the exceptions taken at the jury trial to the rulings and refusals to rule of the presiding judge are not properly before us on this record.

It is open to the plaintiff to argue that the findings of fact of the trial judge, that "both Clarence F. Eldredge and Helen F. Bascom went to New York, each knowing of the impediment to their marriage in Massachusetts, and with the purpose to avoid the force of Massachusetts laws, and to return here to live," which were made on the evidence appearing in the record, are plainly wrong; that, although the findings of the jury must be accepted, the trial judge should have ruled that "the alleged oral agreement set up in paragraph 7 of the cross bill is void and of no effect"; and that the marriage ceremony performed in New York was lawful in this Commonwealth. The opinion will hereafter deal with these issues in so far as they are argued.

The parties have stipulated that the decision of this court as to the validity of the oral agreement shall be decisive of its validity in a bill in equity brought by Marion W. Eldredge, now pending in the Suffolk Superior Court and numbered 28029 on the docket thereof, and in the petition for leave to file a bill of review and the bill of review pending in the same court and numbered 28123.

2. Whether Mr. Eldredge and Mrs. Bascom were lawfully married when the agreement of January, 1920, was entered

into, depends upon the question whether the attempted marriage in New York was valid in this Commonwealth, or was void under St. 1913, c. 360, § 1, now G. L. c. 207, § 10. In view of the finding made by the judge, which must stand, he rightly ruled that the marriage was void in this Commonwealth. *Murphy* v. *Murphy*, 249 Mass. 552. It is the contention of the plaintiffs that, if Mr. Eldredge was not lawfully married to Mrs. Bascom when the agreement was alleged to have been made and it was therefore then valid, the subsequent marriage before the contract had been performed rendered it void. This contention cannot be sustained. *MacKeown* v. *Lacey*, 200 Mass. 437, 438. *Delval* v. *Gagnon*, 213 Mass. 203, 206. There is no evidence that Mr. Eldredge knew the New York marriage would not be valid in this Commonwealth, or, if he had such knowledge, that he misinformed Mrs. Eldredge concerning it. In any event Marion Eldredge is the person seeking to enforce the oral agreement, and the conduct of her father does not make her position less equitable. See *Twohig* v. *Daly*, 248 Mass. 49, 52, 53.

3. The oral tripartite agreement contained mutual promises made by each of the parties. *Blount* v. *Wheeler*, 199 Mass. 330. The promise of Marion W. Eldredge not to contest her father's will constituted a valid consideration for the promises of the other two parties. Her promise to suppress her resentment toward her father's wife and to make the home harmonious was a valuable and sufficient consideration for the promises of the others. *Gardner* v. *Denison*, 217 Mass. 492. *Bigelow* v. *Bigelow*, 95 Maine, 17. *Hamer* v. *Sidway*, 124 N. Y. 538. As Mr. Eldredge and Mrs. Eldredge were not lawfully married when the agreement was entered into, they could contract with each other as well as with his daughter. The plaintiffs' argument based upon the presumption of knowledge of the law is obviously unsound. This presumption means simply that ignorance of the law is no excuse. To illustrate, if Marion Eldredge knew that her father and stepmother were not married and induced them to live together without knowing that to do so was unlawful, her lack of knowledge would be immaterial.

See *Adams* v. *Coulliard*, 102 Mass. 167. It was said by Chief Justice Abbott in *Montriou* v. *Jefferys*, 2 C. & P. 113, 116, "God forbid that it should be imagined that an attorney, or a counsel, or even a judge is bound to know all the law." See *Hendrick* v. *Boston & Albany Railroad*, 170 Mass. 44, 50. *Vogel* v. *Brown*, 201 Mass. 261, 262, 263. *Topolewski* v. *Plankinton Packing Co.* 143 Wis. 52, 72.

4. The contention that the agreement was invalid for failure to comply with the statute of frauds, G. L. c. 259, cannot be sustained. There is nothing in the record to show that it was made upon consideration of marriage. Both the agreement by Mrs. Eldredge to convey to Mr. Eldredge her interest in the real estate and the agreement of the latter to make a will were within the terms of the statute, § 1, cl. 4, and § 5, but were not for that reason invalid. The effect of the statute is not to make a contract void, but to prevent the bringing of an action for the nonperformance of a promise which is within it, or for the specific performance of such a promise. *Cahill* v. *Bigelow*, 18 Pick. 369, 372. *Bullard* v. *Smith*, 139 Mass. 492, 498. In the case at bar the agreement of Mrs. Eldredge to convey to Mr. Eldredge her interest in the real estate has been fully performed by her by the deeds, and the agreement of Mr. Eldredge to make a will has been fully performed by the making of his last will, which has been probated, and wherein the exact terms of the oral agreement have been complied with by him. Accordingly, the promises to sell and to make a will having been performed, the contract is no longer within the terms of any provision of the statute. *Stone* v. *Dennison*, 13 Pick. 1. *Page* v. *Monks*, 5 Gray, 492. *Trowbridge* v. *Wetherbee*, 11 Allen, 361, 364. *Wetherbee* v. *Potter*, 99 Mass. 354. *Lyman* v. *Lyman*, 133 Mass. 414. *Bailey* v. *Wood*, 211 Mass. 37, 44. *Zwicker* v. *Gardner*, 213 Mass. 95. *Chace* v. *Gardner*, 228 Mass. 533, 536. *Rosenberg* v. *Drooker*, 229 Mass. 205.

5. The defence of *res judicata* is without merit. Apart from the fact that *Witherington* v. *Nickerson, supra*, was not pleaded in answer to the cross bill and the record of judgment in that case was not offered in evidence, *Smith* v. *Hill*, 232 Mass. 188, 191, if it be assumed that Marion Eldredge

is bound as a privy, it is manifest that the present suit is for a different cause of action. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138. The issue relating to the oral agreement was not before the court and determined in that case. It results that this issue is open on the present record. *Waterhouse* v. *Levine,* 182 Mass. 407, 409. *Binney* v. *Attorney General,* 259 Mass. 539, 542, 543. It is not a bar to the maintenance of the present suit that the defendant, who was a witness at the former trial, did not in her testimony refer to the oral agreement upon which she relies.

6. The question, whether the oral agreement was performed within a reasonable time, is not raised upon the record. The trial judge was not requested to rule on this aspect of the case. .

7. The deed conveying the real estate from Mr. Eldredge and Helen F. Eldredge was delivered, as the jury found, on or about April 8, 1922, but was not recorded until November 28, 1922, and after Mrs. Eldredge had been adjudged insane; for this reason it is contended by the plaintiffs that it became a nullity. By the common law conveyances between husband and wife were prohibited, but such conveyances could legally be made through a third person. *Motte* v. *Alger,* 15 Gray, 322. *Atlantic National Bank* v. *Tavener,* 130 Mass. 407, 410. *Brown* v. *Brown,* 174 Mass. 197, 199. St. 1912, c. 304, is as follows: "Husband and wife may make conveyances of real estate to each other except by way of mortgage, as if unmarried; but no such conveyance shall have any effect, either in passing title or otherwise, until the deed describing the property to be transferred is duly acknowledged and recorded in the registry of deeds for the district where the land lies." R. L. c. 153, § 3, and St. 1912, c. 304, were combined in G. L. c. 209, § 3, which is as follows: "Gifts of personal property, and conveyances of real estate other than mortgages, between husband and wife, shall be valid to the same extent as if they were sole, except that no such conveyance of real estate shall have any effect, either in passing title or otherwise, until the deed describing the property to be transferred is duly acknowledged and recorded in the registry of deeds for the district where the land lies."

It is the plaintiffs' contention that the present law supersedes St. 1912, c. 304, and instead of applying to conveyances of real estate "to each other" it is now applicable only to conveyances "between" husband and wife, and that the deed in question, although not directly from Mrs. Eldredge to her husband, was nevertheless a conveyance "between" husband and wife, and therefore invalid because Mrs. Eldredge became insane before it was recorded.   We cannot agree with this contention.   We are of opinion that it was not the intention of the Legislature in enacting St. 1912, c. 304, or G. L. c. 209, § 3, to change the law permitting conveyances of real estate to be made between husband and wife through the medium of a third person.   The commissioners for the revision of the General Laws do not refer to this statute in their report, which was dated in 1920, and there is nothing to show any intention to change the law as it previously existed with reference to conveyances between husband and wife through a third person.   The purpose of this statute was "to prevent the deception and defrauding of creditors by making gifts of real property ineffective unless evidenced by recorded deed." *Malaguti* v. *Rosen,* 262 Mass. 555, 564.   *Macurda* v. *Fuller,* 225 Mass. 341, 344, 345, involves a material defect in the instrument itself. No acts were required of Mrs. Eldredge after she became insane.   The grantee in recording the deed acted for himself.   See *O'Donnell* v. *Hall,* 154 Mass. 429, 431.   In the circumstances here disclosed the record had relation back. See *Terry* v. *Briggs,* 12 Met. 17, 23; *Johnston* v. *Kramer Bros. & Co.* 203 Fed. Rep. 733, 738.

8. The only part of the oral contract which has not been performed is the agreement of Mrs. Eldredge to convey her interest in the life insurance policies.   This agreement became binding upon her upon the death of Mr. Eldredge leaving a will, which has been duly probated, and can be enforced against her administratrix.   It was decided in *Witherington* v. *Nickerson, supra,* that the discharge of the assignments of the policies by Eldredge as guardian of his wife was invalid, and that the plaintiff was entitled to recover the proceeds thereof.   In that case no question was involved

as to the rights of the defendant Marion W. Eldredge under the agreement set forth in her cross bill.   She, having fully performed the terms of the agreement imposed upon her, is now entitled to the proceeds of the policies as against the administratrix of the estate of Mrs. Eldredge.

The plaintiffs' exceptions to the findings and rulings of the judge, and his order that the defendant is entitled to specific performance of the agreement, and the exceptions to his refusal to rule as requested by the plaintiffs must be overruled.   The exceptions taken at the jury trial for the reasons previously stated are not properly before us and cannot be considered.

A careful examination of the contentions of the plaintiffs discloses no reversible error.   The entry must be

*Final decree affirmed with costs.*